IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

AVICANNA INC.,

Plaintiff,

v.

STEVEN GARCIA and
THE LAUGHING DOG GROUP, LLC,

Defendants.

---

## COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

---

Plaintiff, Avicanna Inc. ("Avicanna"), complains as follows against defendants, Steven Garcia, individually ("Garcia"), and The Laughing Dog Group, LLC ("Laughing Dog"), a Colorado limited liability company:

### Jurisdiction and Venue

1.      Avicanna brings this trademark infringement and unfair competition action under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.  This Court has original subject-matter jurisdiction over this civil action under 28 U.S.C. §§ 1331, 1338, and 1367 because this action involves claims arising under the laws of the United States relating to trademarks, and all other claims in the action are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

2.      The state law claims under Colorado law alleged herein are so related to the federal question claim under the Lanham Act that they form part of the same case and

controversy, thereby making the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 appropriate.

3.      Diversity jurisdiction exists under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, excluding interest and costs.  Because the claims at issue arose, in whole or in part, in Pitkin County, Colorado, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4.      This Court has personal jurisdiction over Garcia and Laughing Dog in connection with the claims asserted in this Complaint because Garcia and Laughing Dog have committed tortious acts within the state and/or committed tortious injury in this state caused by an act or omission outside the state, engaged in other persistent course of conduct in this state, and otherwise have the necessary minimum contacts with Colorado.  Among other things, upon information and belief, customers of Garcia and Laughing Dog and visitors to the website at issue live in Colorado and are residents of Colorado, and Garcia and Laughing Dog have targeted those residents.

**Parties**

5.      Avicanna is a corporation incorporated under the laws of, and is a citizen of, the province of Ontario, Canada, with its principal place of business located at 510 King Street East, Suite 323, Toronto, Ontario, Canada M5A 1M1.

6.      Garcia is an individual who resides at 178 Cabello Avenue, Carbondale, Colorado 81623.  Avicanna is informed and believes that Garcia is and was, at all relevant times, a citizen of the State of Colorado.

7.      Laughing Dog is a Colorado limited liability company, with its principal place of business located at 500 Buggy Circle, Carbondale, Colorado 81623.  Avicanna is informed and believes that Laughing Dog is and was, at all relevant times, a citizen of the State of Colorado.

8.      Garcia is the Manager of Laughing Dog.

**<u>Avicanna's Trademarks and Garcia's and Laughing Dog's Infringing Activity</u>**

9.      Avicanna is the owner of common law rights in and to its PURA ELEMENTS™ and Leaf Design trademarks (jointly, the "Avicanna Trademarks").

10.      Avicanna is also the owner of pending federal registrations for the marks before the U.S. Patent and Trademark Office, PURA ELEMENTS (U.S. Ser. No. 87/492,645) and Leaf Design (U.S. Ser. No. 87/492,654):



11.      On or about February 21, 2017, Avicanna provided Laughing Dog, which Garcia owns, in whole or in part, and controls, with a limited, oral license (the "Oral License") to use the Avicanna Trademarks.

12.      Avicanna terminated the Oral License by email dated July 24, 2017 (the "July 24 Email").  A copy of the July 24 Email is submitted herewith as Exhibit A.

13.     Garcia and Laughing Dog have ignored the July 24 Email and subsequent communications from Avicanna reiterating that Garcia and Laughing Dog do not have the right to use the Avicanna Trademarks; have failed and refused to terminate their use of the Avicanna Trademarks; and continue to use the Avicanna Trademarks without authorization to do so, in violation of Avicanna's rights therein.

14.     Additionally, upon information and belief, Garcia and Laughing Dog wrongfully registered the domain www.puraelementsusa.com under a Privacy Shield on March 22, 2017 and wrongfully switched Laughing Dog's company email addresses to the puraelementsusa.com domain.

15.     Furthermore, Garcia and Laughing Dog wrongfully attempted to seize control over the Pura Elements Instagram account using the Avicanna Trademarks.

16.     Garcia and Laughing Dog are using the Avicanna Trademarks to promote, advertise, and sell products that are confusingly similar to the products advertised and sold by Avicanna, with the intent to deceive customers into a mistaken belief that they are purchasing Avicanna products.

17.     Upon information and belief, Garcia's and Laughing Dog's use of the Avicanna Trademarks is causing actual confusion among consumers as to the source of the parties' goods.

**First Claim for Relief:  Trademark Infringement**
(Against Garcia and Laughing Dog)

18.     Avicanna realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 17 above as though fully set forth herein.

19.     Avicanna is the owner of the Avicanna Trademarks.

20.     Avicanna's rights arise out of common law, and Avicanna is the owner of pending applications for federal registration of the Avicanna Trademarks.

21.     Avicanna has engaged in use of the Avicanna Trademarks, and advertises and promotes its goods and services under the Avicanna Trademarks.  Avicanna's Trademarks are recognizable by consumers as identifying Avicanna's plant-based therapies and related products and services offered under the Avicanna Trademarks.

22.     Avicanna also maintains a significant Internet presence.  Avicanna owns and operates a website accessible at http://puraelements.com.

23.     Avicanna also owns and maintains social media accounts on, among others, Facebook, Instagram, and LinkedIn.

24.     Avicanna uses its online presence, including its website and its social media accounts, to provide information about its products and services offered under the Avicanna Trademarks.

25.     Garcia and Laughing Dog are not authorized to use, advertise, or display the Avicanna Trademarks, designs, name, or brand.

26.     Garcia and Laughing Dog have already used, without authority from Avicanna, and, upon information and belief, intend to further use, advertise, and display, the Avicanna Trademarks, including the PURA ELEMENTS$^{TM}$ mark, in connection with the sale, offering for sale, distribution, or advertising of Laughing Dog's own goods and services.

27.     Garcia's and Laughing Dog's use of the Avicanna Trademarks in the conduct of the business of Laughing Dog has caused confusion, and is likely to continue to cause confusion,

to cause mistake, or to deceive the public as to the source or origin of Laughing Dog's services and approval or authorization by Avicanna, and is so intended by Garcia and Laughing Dog.

28.    Garcia's and Laughing Dog's use of the Avicanna Trademarks in the conduct of Laughing Dog's business has caused confusion, and is likely to continue to cause confusion, to cause mistake, or to deceive the public as to whether Laughing Dog and/or its goods and services are affiliated, connected, or associated with Avicanna, and is so intended by Garcia and Laughing Dog.

29.    By reason of Garcia's and Laughing Dog's willful and wrongful acts set forth above, Avicanna is being and has been irreparably injured and has no adequate remedy at law. Laughing Dog's past and continued use in commerce of the Avicanna Trademarks to promote and market its identical and/or substantially similar plant-based therapies constitutes infringement of the Avicanna Trademarks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114.

30.    Avicanna has no plain, speedy, and adequate remedy at law and is suffering irreparable injury as a result of the foregoing acts of trademark infringement by Garcia and Laughing Dog, including damages to Avicanna's business reputation and goodwill.

31.    Avicanna is entitled to an injunction pursuant to 15 U.S.C. § 1116(a).  Unless Laughing Dog is enjoined, Garcia and Laughing Dog will continue to infringe the Avicanna Trademarks and cause irreparable injury to Avicanna from deprivation of the goodwill associated with the Avicanna Trademarks.

32.     Avicanna has suffered, and will continue to suffer, damages as a result of Garcia's and Laughing Dog's infringement of the Avicanna Trademarks, including damages to Avicanna's business reputation and goodwill.

33.     Avicanna is entitled to recover from Garcia and Laughing Dog all damages that Avicanna has sustained and will sustain, in addition to all gains, profits, and advantages obtained by Garcia and Laughing Dog as a result of their infringing acts alleged above, in an amount not yet determined, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

34.     The damages should be trebled pursuant to 15 U.S.C. § 1117(a) and 15 U.S.C. § 1117(b).  In the alternative, Avicanna is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c).

35.     Avicanna is entitled to attorney's fees pursuant to 15 U.S.C. § 1117(a) and 15 U.S.C. § 1117(b).

## Second Claim for Relief:  Conversion
(Against Garcia and Laughing Dog)

36.     Avicanna realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 35 above as though fully set forth herein.

37.     Garcia and Laughing Dog knowingly obtained control over the Avicanna Trademarks, with actual knowledge that Avicanna owns the Avicanna Trademarks.

38.     Garcia and Laughing Dog obtained control over the Avicanna Trademarks with the specific intent to permanently deprive Avicanna of the benefit of the Avicanna Trademarks.

39.     Avicanna has suffered, and will continue to suffer, monetary and reputational damages as a result of Garcia's and Laughing Dog's conversion of the Avicanna Trademarks.

**Third Claim for Relief:  Civil Theft**
(Against Garcia and Laughing Dog)

40.     Avicanna realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 39 above as though fully set forth herein.

41.     Garcia and Laughing Dog knowingly obtained or exercised control over the Avicanna Trademarks.

42.     Garcia and Laughing Dog intended to deprive Avicanna of the benefit of the Avicanna Trademarks permanently.

43.     Avicanna has suffered, and will continue to suffer, monetary and reputational damages as a result of Garcia's and Laughing Dog's civil theft of the Avicanna Trademarks.

**Fourth Claim for Relief:  Cybersquatting (15 U.S.C. § 1125(d))**
(Against Laughing Dog)

44.     Avicanna realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 43 above as though fully set forth herein.

45.     Avicanna is the owner of the Avicanna Trademarks, and the website at the domain name <puraelements.com>.

46.     Upon information and belief, well aware of the Avicanna Trademarks and Avicanna's excellent reputation, Laughing Dog, acting through its manager, Garcia, obtained the domain name <puraelementsusa.com> (the "Domain Name").  Laughing Dog registered the Domain Name with the registrar GoDaddy, LLC on May 22, 2017, under a private registration. A printout of the WHOIS record showing registration of the Domain Name is attached hereto as Exhibit B.

47.     Laughing Dog has registered, owns, and controls the internet domain name <puraelementsusa.com>.

48.     Laughing Dog has used and is using the Domain Name.

49.     The Domain Name incorporates the entirety of Avicanna's PURA ELEMENTS[TM] mark and is identical to, confusingly similar to, and/or dilutive of the Avicanna Trademarks owned by Avicanna long before Laughing Dog registered or used the Domain Name.

50.     Laughing Dog has no right to use the Domain Name.

51.     Laughing Dog has not made – and cannot make – a bona fide noncommercial use or fair use of the Avicanna Trademarks.

52.     The Domain Name is being used by Laughing Dog in connection with the Avicanna Trademarks, including PURA ELEMENTS[TM] and Avicanna's Leaf Design, to advertise and promote sales of products similar to Avicanna's, without authority from Avicanna. Laughing Dog has also moved its company email addresses to the puraelementsusa.com domain.

53.     Laughing Dog's current use of the Domain Name, including the offering of products also bearing Avicanna's PURA ELEMENTS[TM] and Leaf Design trademarks, shows an intent to harm Avicanna by diverting customers seeking Avicanna's website and directing them instead to Laughing Dog's page, without any indication that Laughing Dog is not sponsored by, affiliated with, or otherwise endorsed by Avicanna, with consequent ill will and hostility toward Avicanna.

54.     Laughing Dog's intentional use of the PURA ELEMENTS[TM] mark in the Domain Name in connection with a confusingly similar page to advertise plant-based therapies, shows Laughing Dog's intent to divert consumers from Avicanna's website in a manner that harms the

goodwill represented by the Avicanna Trademarks, for commercial gain and/or with the intent to tarnish or disparage Avicanna or the Avicanna Trademarks, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement.

55.     Laughing Dog has a bad faith intent to profit from the Avicanna Trademarks and has registered, trafficked in and/or used the Domain Name, and/or has demonstrated an intent to use the Domain Name, in bad faith to profit from or harm the goodwill of the Avicanna Trademarks in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. §1125(d).

56.     Avicanna has been damaged by Laughing Dog's unauthorized use and registration of the Domain Name that incorporates the PURA ELEMENTS$^{TM}$ Mark.

57.     Avicanna is also harmed by its inability to use and control the Domain Name that uses its PURA ELEMENTS$^{TM}$ mark.  Avicanna is further harmed by the tarnishment of Avicanna and its Avicanna Trademarks by Laughing Dog's diversion of Avicanna's customers and potential customers to its website.

58.     Laughing Dog's aforementioned activities have caused and will continue to cause Avicanna immediate, irreparable harm and injury in that Laughing Dog's activities have created and will continue to create a likelihood of confusion, mistake, or deception among consumers as to the affiliation or connection of the website found at the Domain Name with Avicanna, or as to the origin, sponsorship, or approval of the website, based on the Domain Name, which has substantially impaired and will continue to impair the goodwill associated with Avicanna and the Avicanna Trademarks.

59.     Avicanna has no adequate remedy at law to redress said violations.

60.     As a result of such registration, trafficking, and/or use of the Domain Name, Avicanna is entitled to the forfeiture or cancellation of the Domain Name or transfer of the Domain Name to Avicanna as the owner of the PURA ELEMENTS$^{TM}$ mark, and to recover its damages and Laughing Dog's gains, profits, and advantages obtained as a result of the acts alleged above, and treble damages and enhanced profits in an amount to be determined, including, if Avicanna so elects, statutory damages, and the costs of this action.

61.     This being an exceptional case, Avicanna is entitled to an award of reasonable attorney's fees.

### Fifth Claim for Relief:  Unfair Competition
(Against Laughing Dog)

62.     Avicanna realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 61 above as though fully set forth herein.

63.     Avicanna is the owner of the Avicanna Trademarks and the website at the domain name <puraelements.com>.

64.     Laughing Dog's actions are likely to deceive consumers into believing that the products advertised, sold, or marketed by Laughing Dog and the website found at the Domain Name <puraelementsusa.com> are endorsed, sponsored, or authorized by, or are otherwise affiliated with, Avicanna.

65.     Laughing Dog's use of the Avicanna Trademarks falsely designates the origin and sponsorship of the website, products, and services.

66.     By using the Avicanna Trademarks, Laughing Dog has intentionally and willfully passed off its goods, services, and the website found at the Domain Name as being endorsed,

11

sponsored, or authorized by, or otherwise affiliated with, Avicanna, in an attempt to trade off the goodwill and reputation of Avicanna and the Avicanna Trademarks.

67.     Laughing Dog's use of the Avicanna Trademarks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Laughing Dog with Avicanna, and/or is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Laughing Dog's goods, services and/or commercial activities.

68.     Laughing Dog's use of the Avicanna Trademarks constitutes unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a).

69.     Laughing Dog's conduct is intentional and willful.

70.     Avicanna has been damaged by Laughing Dog's unauthorized use of the Avicanna Trademarks.

71.     As a result of the aforesaid acts, Avicanna is entitled to permanent injunctive relief to enjoin Laughing Dog's acts constituting unfair competition and false designation of origin, and to recover its damages and Laughing Dog's gains, profits, and advantages obtained as a result of the acts alleged above, and treble damages and enhanced profits in an amount to be determined.

72.     This being an exceptional case, Avicanna is entitled to an award of reasonable attorney fees.

## Sixth Claim for Relief:  Common Law Unfair Competition
(Against Laughing Dog)

73.     Avicanna realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 72 above as though fully set forth herein.

74.     Laughing Dog's actions are likely to deceive consumers into believing that the products advertised, sold, or marketed by Laughing Dog and the website found at the Domain Name <puraelementsusa.com> are endorsed, sponsored, or authorized by, or are otherwise affiliated with, Avicanna.

75.     Laughing Dog's use of the Avicanna Trademarks falsely designates the origin and sponsorship of the website, products, and services.

76.     By using the Avicanna Trademarks, Laughing Dog has intentionally and willfully passed off its goods, services, and the website found at the Domain Name as being endorsed, sponsored, or authorized by, or otherwise affiliated with, Avicanna.

77.     Laughing Dog's use of the Avicanna Trademarks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Laughing Dog with Avicanna, and/or is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Laughing Dog's goods, services, and/or commercial activities.

78.     Laughing Dog's use of the Avicanna Trademarks constitutes unfair competition under the common law of Colorado.

79.     Laughing Dog's conduct is malicious, intentional, willful, and in bad faith, in order to trade on the goodwill of Avicanna and the Avicanna Trademarks.

80.     Laughing Dog's deceptive trade practices have had and will continue to have a significant negative impact on the public as actual and potential consumers of Avicanna's products and services.

81.     The public has been harmed and deceived and Avicanna has been damaged by Laughing Dog's unauthorized use of the Avicanna Trademarks.

82.     As a result of the aforesaid acts, Avicanna is entitled to permanent injunctive relief to enjoin Laughing Dog's acts constituting unfair competition and false designation of origin, and to recover its damages and Laughing Dog's gains, profits, and advantages obtained as a result of the acts alleged above, and treble damages and enhanced profits in an amount to be determined.

### Seventh Claim for Relief:  Common Law Trademark Infringement
(Against Garcia and Laughing Dog)

83.     Avicanna realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 82 above as though fully set forth herein.

84.     Avicanna has engaged in years of continuous, widespread use, and extensive advertising and promotion of its goods and services under the Avicanna Trademarks. Avicanna's Trademarks are immediately recognizable by consumers as identifying Avicanna's plant-based therapies and related products and services offered under the Avicanna Trademarks.

85.     Garcia and Laughing Dog are not authorized to use, advertise, or display the Avicanna Trademarks, designs, name, or brand.

86.     Garcia and Laughing Dog have already used, without authority from Avicanna, and/or intend to further use, advertise, and display the Avicanna Trademarks, including the PURA ELEMENTS™ mark, in connection with the sale, offering for sale, distribution, or advertising of Laughing Dog's own goods and services in the same geographical area that Avicanna uses its marks.

87.     Garcia's and Laughing Dog's use of the Avicanna Trademarks in the conduct of the business of Laughing Dog has caused confusion, and is likely to continue to cause confusion, to cause mistake, or to deceive the public as to the source or origin of Laughing Dog's services and approval or authorization by Avicanna, and is so intended by Garcia and Laughing Dog.

88.     Garcia's and Laughing Dog's use of the Avicanna Trademarks in the conduct of Laughing Dog's business has caused confusion, and is likely to continue to cause confusion, to cause mistake, or to deceive the public as to whether Laughing Dog and/or its goods and services are affiliated, connected, or associated with Avicanna, and is so intended by Garcia and Laughing Dog.

89.     Garcia's and Laughing Dog's use of the Avicanna Trademarks constitutes trademark infringement under the common law of Colorado.

90.     By reason of Garcia's and Laughing Dog's willful and wrongful acts set forth above, Avicanna is being and has been irreparably injured and has no adequate remedy at law. Laughing Dog's past and continued use in commerce of the Avicanna Trademarks to promote and market its identical and/or substantially similar plant-based therapies constitutes infringement of the Avicanna Trademarks.

91.     Avicanna has no plain, speedy, and adequate remedy at law and is suffering irreparable injury as a result of the foregoing acts of trademark infringement by Garcia and Laughing Dog, including damages to Avicanna's business reputation and goodwill.

92.     Unless Laughing Dog is enjoined, Garcia and Laughing Dog will continue to infringe the Avicanna Trademarks and cause irreparable injury to Avicanna from deprivation of the goodwill associated with the Avicanna Trademarks.

93.     Avicanna has suffered, and will continue to suffer, damages as a result of Garcia's and Laughing Dog's infringement of the Avicanna Trademarks, including damages to Avicanna's business reputation and goodwill.

94.     Avicanna is entitled to recover from Garcia and Laughing Dog all damages that Avicanna has sustained and will sustain, in addition to all gains, profits, and advantages obtained by Garcia and Laughing Dog as a result of their infringing acts alleged above, in an amount not yet determined.

**Eighth Claim for Relief:  Violation of the Colorado Consumer Protection Act**
(Against Laughing Dog)

95.     Avicanna realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 94 above as though fully set forth herein.

96.     Laughing Dog's actions and passing off of its goods, services, and website as being endorsed, sponsored, or authorized by, or otherwise affiliated with Avicanna constitute unfair and deceptive trade practices under the Colorado Consumer Protection Act ("CCPA"), C.R.S. § 6 -1-105.

97.     These deceptive practices occurred, and continue to occur, in the course of Laughing Dog's business practices.

98.     Consumers are significantly impacted by these practices, in that actual and potential customers are likely to be confused, mistaken, or deceived as to the affiliation, connection, or association of Laughing Dog with Avicanna, and as to the origin, sponsorship, or approval of Laughing Dog's goods, services and/or commercial activities.

99.     Laughing Dog's violation of the CCPA is intentional and willful.

100.     Avicanna has been damaged by Laughing Dog's deceptive business practices, through loss of customers and profits and its goodwill and reputation.

101.     As a result of the aforesaid acts, Avicanna is entitled to recover its damages and Laughing Dog's gains, profits, and advantages obtained as a result of the acts alleged above, and treble damages in an amount to be determined.

102.     Avicanna is entitled to an award of its costs and reasonable attorney's fees.

**<u>Ninth Claim for Relief:  Injunctive Relief</u>**
(Against Garcia and Laughing Dog)

103.     Avicanna realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 102 above as though fully set forth herein.

104.     Avicanna requests that the Court enjoin Garcia and Laughing Dog from any and all unauthorized and unlawful use, misappropriation, copying, altering, and dissemination of the Avicanna Trademarks.

105.     Avicanna requests that the Court enjoin Garcia and Laughing Dog from any and all unauthorized and unlawful use, misappropriation, marketing, promotion, and advertising of PURA ELEMENTS$^{TM}$ mark or any other mark, name or title that incorporates the terms PURA ELEMENT, PURA ELEMENTS, or AVICANNA, including the domain name <puraelementsusa.com>, or any colorable imitation thereof or designations similar thereto.

106.     Avicanna requests that the Court enjoin Garcia and Laughing Dog from committing any other act calculated or likely to cause the public or trade to believe that Garcia and Laughing Dog or their business is in any manner connected, licensed, sponsored, affiliated or associated with Avicanna, or the business of Avicanna, or from otherwise competing unfairly with Avicanna.

17

107.     For the foregoing reasons, Avicanna has shown a likelihood of and actual success on the merits of its aforementioned claims.

108.     Avicanna has no plain, speedy, and adequate remedy at law and faces irreparable harm to its economic and property interests and rights, resulting from Laughing Dog's and Garcia's unauthorized and unlawful actions.

109.     Avicanna has been and will continue to be irreparably harmed unless Garcia and Laughing Dog are preliminarily and permanently enjoined from their unlawful conduct.

110.     The harm to Avicanna and the public, which is at risk of being confused, mistaken or deceived by Laughing Dog's and Garcia's actions, outweighs any harm to Garcia and Laughing Dog or others, as neither Garcia and Laughing Dog nor others will sustain any harm as a result of Garcia and Laughing Dog being enjoined from unlawfully using the Avicanna Trademarks or any colorable imitation thereof.

111.     An injunction will serve the public's interest in restraining unlawful actions, as well as in preventing confusing and deceptive advertising and commercial activities.

### Tenth Claim for Relief:  Declaratory Relief
(Against Garcia and Laughing Dog)

112.     Avicanna realleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 112 above as though fully set forth herein.

113.     An actual controversy has arisen and now exists between the parties, in that Avicanna contends, and is informed and believes that Garcia and Laughing Dog deny, that Garcia and Laughing Dog have failed and are failing to comply with applicable laws prohibiting infringement, copying, misappropriating, using, and dissemination of the Avicanna Trademarks.

114.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act according.

115.     Avicanna is entitled to a judicial declaration that Garcia and Laughing Dog have infringed Avicanna's trademark rights, have misappropriated the Avicanna Trademarks, and that there is a substantial likelihood that Garcia and Laughing Dog will continue to do so unless prohibited by injunctive relief, and to a declaration of this Court as to its rights and Garcia's and Laughing Dog's obligations in this matter.

116.     Avicanna is entitled to a judicial declaration ordering the impounding of all of Garcia's and Laughing Dog's advertising and promotional material to the extent that it contains any reference to AVICANNA, PURA ELEMENTS, and/or Avicanna's Leaf Design, including all means of producing copies of advertising or promotional material that infringe Avicanna's rights.

117.     Avicanna is entitled to a judicial declaration ordering that all signage, printed material, advertisements, products, packaging, and other materials that bear the AVICANNA, PURA ELEMENTS, and/or Avicanna's Leaf Design marks, or which if used would violate the injunction herein requested, in the possession, custody, or control of Garcia or Laughing Dog, be delivered up to Avicanna for destruction.

118.     Avicanna is entitled to a judicial declaration ordering that Garcia and Laughing Dog withdraw any and all pending applications to register the names AVICANNA, PURA ELEMENTS, and/or Avicanna's Leaf Design or any names or designs confusingly similar thereto as a trade or service mark in any and all jurisdictions, and prohibiting Garcia and Laughing Dog from filing for registration of any confusingly similar marks in the future.

119.    Avicanna is entitled to a judicial declaration ordering the forfeiture or cancellation of the www.puraelementsusa.com domain name, or the transfer of the <puraelementsusa.com> domain name to Avicanna, in accordance with 15 U.S.C. § 1125(d)(1)(C).

WHEREFORE, Avicanna respectfully requests that this Court grant Avicanna the following relief against Garcia and Laughing Dog:

1.    For a judgment declaring that:

a.    Garcia and Laughing Dog violated the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

b.    Garcia and Laughing Dog engaged in trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); and

c.    Garcia and Laughing Dog engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

2.    For a judgment permanently enjoining Garcia's and Laughing Dog's unauthorized and unlawful use, misappropriation, copying, altering, and dissemination of the Avicanna Trademarks; Garcia's and Laughing Dog's unauthorized and unlawful use, misappropriation, marketing, promotion, and advertising of PURA ELEMENTS™ marks or any other mark, name or title that incorporates the terms PURA ELEMENT, PURA ELEMENTS, or AVICANNA, including the domain name <puraelementsusa.com>, or any colorable imitation thereof or designations similar thereto; Laughing Dog's acts calculated or likely to cause the public or trade to believe that Garcia, Laughing Dog, or the business of Laughing Dog is in any manner connected, licensed, sponsored, affiliated, or associated with Avicanna, or the business of Avicanna, or from otherwise competing unfairly with Avicanna;

and Garcia and Laughing Dog from registering, trafficking in and/or using the Domain Name

<puraelementsusa.com>;

3.      For a judgment ordering Laughing Dog to transfer the Domain Name to

Avicanna as the rightful owner;

4.      For a judgment requiring Garcia and Laughing Dog to deliver up for

destruction any and all items owned by or under the control of Garcia or Laughing Dog that

bear the Avicanna Trademarks or the Domain Name;

5.      For an award of monetary damages in favor of Avicanna and against Garcia and

Laughing Dog in the amount of:

      a.      all damages resulting from Garcia's and Laughing Dog's infringement of

          the Avicanna Trademarks and unauthorized use of the Domain Name;

      b.      all damages that Avicanna has sustained and will sustain, in addition to all

          gains, profits, and advantages obtained by Garcia and Laughing Dog as a

          result of its infringing acts alleged above, pursuant to Section 35 of the

          Lanham Act, 15 U.S.C. § 1117;

      c.      trebled damages pursuant to 15 U.S.C. § 1117(a) and 15 U.S.C. § 1117(b),

          or, in the alternative, to statutory damages pursuant to 15 U.S.C. §

          1117(c);

      d.      trebled damages pursuant to C.R.S. § 18-4-405;

      e.      post-judgment interest thereon, at the highest rate permitted by law; and

      f.      all of Avicanna's expenses incurred in obtaining such judgment,

          including, without limitation, Avicanna's attorney's fees pursuant to 15

U.S.C. § 1117(a) and 15 U.S.C. § 1117(b), expert witness fees, and costs;

and

6.      For such other and further relief as this Court deems just and proper.

Respectfully submitted this 26th day of October, 2018.

_s/ Lino S. Lipinsky de Orlov_
Lino S. Lipinsky de Orlov
DENTONS US LLP
1400 Wewatta Street, Suite 700
Denver, Colorado  80202
Phone:  303-634-4000
E-mail:  lino.lipinsky@dentons.com

ATTORNEYS FOR PLAINTIFF, AVICANNA
INC.

Plaintiff's Address:

330 Highway 7 East, Suite 308
Richmond Hill, Ontario L4B 3P6
Canada

108653809\V-3